UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RIC ALLAN JIMISON,<br><br>     Plaintiff,<br><br> v.<br><br>STATE OF IDAHO and UNITED STATES OF AMERICA,<br><br>     Defendants. | Case No. 1:22-cv-00292-BLW<br><br>**ORDER OF DISMISSAL** |

  Plaintiff Ric Allan Jimison is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently confined in the Twin Falls County Jail. *See* http://www.idoc.idaho.gov/content/prisons/resident-client-search/details/19056; *IDOC Offender Search* (accessed July 22, 2022). Plaintiff instituted the instant action by filing a notice of removal, which he has since amended. Dkt. 2, 5.

  Plaintiff seeks to remove his pending state court criminal proceedings to this Court. However, a plaintiff cannot remove a criminal case to federal court. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, *any civil action* brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the*

ORDER OF DISMISSAL - 1

*defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added).

This Court has no jurisdiction over state criminal cases. Plaintiff's sole federal remedy with respect to his state criminal proceedings and his present confinement lies in a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Plaintiff appears to acknowledge this, but he still asks for a federal criminal trial instead of a state criminal trial. *Am. Motion/Notice – Removal of Case from State Ct.*, Dkt. 5, at 5. Therefore, this action will be dismissed with prejudice.

Plaintiff may wish to consider the following legal principles in deciding whether to pursue pretrial habeas relief with respect to his pending state criminal charges.

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-93 (1973). However, a prerequisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is

exhausting one's federal claims in state court. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of habeas petitions brought pursuant to 28 U.S.C. § 2254). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id*.

If the petitioner is not granted relief after exhausting all state court remedies through the highest state court, he may then file a petition for writ of habeas corpus in federal court. "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden*, 626 F.2d at 83.

This exhaustion rule has a very limited exception with respect to pre-conviction habeas petitions. A federal district court may issue a pretrial writ under

§ 2241 without a showing of exhaustion of state remedies only if a petitioner can show that "special circumstances" warrant federal intervention. *Id*. at 83–84. For example, special circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F. Supp. 102, 105 (S.D.N.Y. 1963). If they were, such supervision "would erase the exhaustion principle from among the canons of habeas corpus adjudication." *Id*. While alleged constitutional violations are of utmost concern to the federal district courts, the federal courts are mindful that the state courts must be given the first opportunity to correct constitutional violations, in order to preserve the principles of comity and federalism. If a defendant is seeking to "derail a pending state criminal proceeding, and … may be acquitted at trial," it is appropriate for a federal district court to postpone adjudication of the petitioner's constitutional claims "until a time when federal jurisdiction will not seriously disrupt state judicial processes." *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (internal quotation marks omitted).

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Amend (Dkt. 4) is GRANTED.

2. Plaintiff's amended notice of removal (Dkt. 5), which seeks that the Court take over Plaintiff's ongoing state criminal case and try him in federal court, is DISMISSED with prejudice for lack of jurisdiction.

3. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED.

4. The Clerk of Court is instructed to mail Plaintiff a form habeas corpus petition under 28 U.S.C. § 2241. If Plaintiff decides to file such a petition, he must file it as a new, separate action in this Court.

DATED: July 26, 2022

B. Lynn Winmill
U.S. District Court Judge